# IN THE COURT OF APPEALS OF IOWA

No. 13-1678
Filed January 11, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MICHAEL NEEL GLEASON,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Pocahontas County, Gary L. McMinimee, Judge.

Michael Gleason appeals from his conviction for eluding. **AFFIRMED.**

Edward W. Bjornstad of Bjornstad Law Office, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

Michael Gleason[1] appeals from his conviction for eluding, in violation of Iowa Code section 321.279(1) (2013), contending there is insufficient evidence to support the conviction, and that trial counsel was ineffective in failing to secure an expert witness to review the patrol car audio recording of the incident. In a separate pro se brief, in addition to the ineffective-assistance claim, Gleason alleges the deputy falsely testified he activated his siren, the audio of the patrol car recording had been altered to insert siren sounds, and the prosecutor withheld that evidence.

"Sufficiency of the evidence challenges are reviewed for correction of errors at law." *State v. Hearn*, 797 N.W.2d 577, 579 (Iowa 2011).

A driver commits eluding when he "willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle driven by a uniformed peace officer after being given a visual and audible signal to stop." Iowa Code § 321.279(1).

Viewing the evidence in the light most favorable to the State, *see Hearn*, 797 N.W.2d at 580, we conclude there is substantial evidence supporting the conviction. Gleason himself testified he saw the deputy's vehicle behind him for several minutes and its lights were activated. He also acknowledged the vehicle was marked and the deputy was in uniform. In Gleason's own audio recording,

---

[1] Gleason and his siblings have been at odds for many years over their mother's estate and are not strangers to this court. *See Gleason v. Gleason*, No. 13-0876, 2015 WL 9450403 (Iowa Ct. App. Dec. 23, 2015); *Gleason v. Korde*, No 12-2025, 2014 WL 4628912 (Iowa Ct. App. Sep. 17, 2014). This criminal charge arose out of Gleason wanting his brother to be served with a subpoena, Gleason chasing his brother in a vehicle, and his failing to pull over for an officer following them both.

he muses aloud the deputy might want him to pull over; nonetheless, he kept driving. Gleason denied hearing the deputy's siren. However, the deputy testified he had manually activated the siren, which is heard on the audio recording from the deputy's vehicle. Defense counsel questioned the deputy about why the siren indicator of the vehicle recording was not on, and the deputy explained the indicator showed when the siren was activated automatically but not when activated manually. The question was thus one of fact, which is in the sole province of the jury. *See State v. Williams,* 315 N.W.2d 45, 58 (Iowa 1982) (noting the credibility of witnesses and weight to be given their testimony is sole province of jury). The jury was not required to accept the defendant's version of the facts. *State v. Trammell,* 458 N.W.2d 862, 863 (Iowa Ct. App. 1990). Because there is substantial evidence from which a jury could find Gleason willfully failed to stop his vehicle in response to the deputy's flashing lights and siren, we affirm the conviction.

We do not address Gleason's pro se claims or the claims of ineffective assistance of trial and appellate counsel,[2] all of which are best left for possible postconviction proceedings. We therefore affirm.

**AFFIRMED.**

---

[2] Gleason has also filed a motion in this court to replace his appellate attorney on ineffective-assistance-of-counsel grounds. We deny the motion. This appeal has been pending since October 2013. Several appellate attorneys have withdrawn during the three years the matter has been pending, and this most recent motion was filed on December 18, 2016. Generally, claims of ineffective assistance of counsel, particularly when considering an appellate attorney's performance, are best considered in postconviction-relief proceedings where a more complete record can be made and counsel is allowed the opportunity to respond. *See State v. Tompkins,* 859 N.W.2d 631, 643 (Iowa 2015).